IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL TOLLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11-cv-08563 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| CITY OF CHICAGO et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Darnell Tolliver brought this action against the City of Chicago and two of its police officers, Officer Gregory Sobieraj and Officer Marc DeBose (the "Defendant Officers"), pursuant to 42 U.S.C. § 1983 alleging use of excessive force in violation of his rights under the Fourth Amendment to the United States Constitution and conspiracy. Tolliver claims that in December 2009, the Defendant Officers shot him multiple times while he was sitting in his vehicle unarmed. Now before the Court are Defendants' motion for summary judgment (Dkt. No. 22) and their motion to strike portions of Plaintiff's Local Rule 56(b)(3)(A) response to Defendants' statement of undisputed facts (Dkt. No. 36). For the reasons discussed below, Defendants' motion for summary judgment is granted and their motion to strike is denied as moot.

## BACKGROUND

The following facts are taken from Plaintiff's Response to Defendants' Local Rule 56.1 Statement of Facts (Dkt. No. 32) and Plaintiff's Local Rule 56.1(b)(3) Statement of Additional Facts (Dkt. No. 33). To the extent any of the facts are disputed, the Court has accepted Tolliver's version of events to the extent supported by record evidence.

On the evening of December 9, 2009, Tolliver drove to his friend's house near the intersection of Waubansia Avenue and Mobile Avenue in a white Mitsubishi after receiving a phone call from his friend's girlfriend stating that the friend needed money to get a car out of the auto pound. (Pl.'s Stmt. of Add'l Facts ¶ 1, Dkt. No. 33.) Tolliver parked his car in front of his friend's home and went inside. (*Id*. ¶ 4.) He gave his friend's girlfriend money to get the car out of the auto pound, and also agreed to drop off cocaine for his friend. (*Id*.) Tolliver placed the cocaine in his jacket and went back to his car. (*Id*.)

That same evening, Sergeant Rentner of the Chicago Police Department was in charge of a gang team when he received a call from a confidential informant telling him that individuals were bagging narcotics in a house with a white Mitsubishi parked out front. (*Id*. ¶ 2.) When Tolliver left the house in his car, Sergeant Rentner received another phone call from his confidential informant notifying him that the Mitsubishi was leaving the house. (*Id*. ¶ 6.) Officer Sobieraj and Officer DeBose, who were members of Sergeant Rentner's gang team, saw the white Mitsubishi at an intersection and drove their car in front of it, blocking Tolliver from continuing through the intersection. (*Id*. ¶ 15.)

Both officers were dressed in plain clothes and the squad car did not have any police mars lights. (*Id*. ¶¶ 13-14.) Tolliver did not realize that they were police officers at that time, but he saw one of the men point a gun "directly at him." (*Id*. ¶ 17.) Although disputed by Defendants, Tolliver next claims that he then "backed his car up about a car length—doing so at a speed under five miles per hour by simply tapping his foot on the gas—and stopped when he realized that the man was a police officer." (*Id*. ¶ 19.) He states that he sat in the car "with his hands on the steering wheel and his foot on the brake for at least 30 seconds . . . without making any movements that would indicate that he was going to move the car forward or that he was going to

flee." (*Id.* ¶ 23.) According to Tolliver, one of the officers then shot him in the chest "while his car was stationary with his foot on the brake." (*Id.* ¶ 25.) Tolliver "felt as if he could not move and fell to the right as his car started moving forward." (*Id.* ¶ 26) At that point, he "could not move anything except his eyeballs." (Pl.'s Resp. to Def.'s Stmt. of Facts ¶ 31, Dkt. No. 32.) Tolliver "became stuck between the gear shift – which was floor mounted on the center console of the vehicle – and the middle panel of the car." (Pl.'s Stmt. of Add'l Facts ¶ 27, Dkt. No. 33.) Tolliver asserts that he "did not intentionally put it [the car] in drive . . . the car was knocked into drive when Tolliver fell over to the right as he was shot since the gear shift is floor mounted in the center console." (Pl.'s Resp. to Def.'s Stmt. of Facts ¶ 32, Dkt. No. 32.) Tolliver's car then rolled forward "for a few seconds," at which point "Tolliver felt the car roll over something and then something stopped the car." (*Id.* ¶ 37.)

On September 9, 2011, Tolliver pled guilty to aggravated battery of a peace officer and possession of a controlled substance with intent to deliver. (*Id.* ¶ 42.) During his plea hearing, Tolliver stipulated to the following statement from the prosecutor regarding the likely testimony at trial:

> [Officer Sobieraj] would testify that he attempted to curb that vehicle, and he exited his vehicle and approached the vehicle the [Tolliver] was driving. He would testify at that time that [Tolliver] drove his vehicle towards the officer, and in an attempt to escape from [Tolliver's] vehicle, Officer Sobieraj did fall and sprain his ankle. He would further testify that he was in fear for his safety, and he fired shots at the vehicle striking [Tolliver].

(*Id.* ¶ 43.) The judge then accepted Tolliver's guilty plea. (*Id.* ¶ 45.)

## DISCUSSION

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Lee v. Keith*, 463 F.3d 763, 767 (7th Cir. 2006). On summary judgment, "[t]he court has one task and one task

3

only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (quoting *Walbridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)). "In evaluating whether a genuine issue of material fact exists, all evidence and inferences must be viewed in the light most favorable to the nonmoving party." *Scott v. Edinburg*, 346 F.3d 752, 755 (7th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003)). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Balderston*, 328 F.3d at 320 (quoting *Anderson*, 477 U.S. at 247-48 (emphasis in original)).

I. **Count One – Excessive Force**

Defendants first argue that Tolliver's excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, an Indiana state court had convicted the plaintiff of voluntary manslaughter for killing his wife. The plaintiff subsequently filed a § 1983 action in federal district court alleging that the prosecutors and investigator in his case had engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to his arrest, that they knowingly destroyed exculpatory evidence, and that they caused the use of "an illegal and unlawful voice identification procedure" at his trial. *Id.* at 478. The complaint sought monetary damages. *Id.* After the district court dismissed the case and the Seventh Circuit affirmed that ruling, the U.S. Supreme Court held that the plaintiff did not have a cognizable claim under § 1983. As explained by the Court:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

4

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.

*Id.* at 486-87 (emphasis in original). Therefore, the question for present purposes is whether a recovery for Tolliver on his excessive force claim would imply that his conviction for aggravated battery to a peace officer is invalid.

Under 720 ILCS 5/12-3, "[a] person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." Tolliver pleaded guilty to aggravated battery of a peace officer under 720 ILCS 5/12-3.05(d)(4), which further provides that "[a] person commits aggravated battery when, in committing a battery, other than by discharge of a firearm, he or she knows the individual battered to be . . . [a] peace officer . . . performing his or her official duties."

Defendants argue that, if a jury were to find in Tolliver's favor in this § 1983 case, it would necessarily imply the invalidity of his previous conviction for aggravated battery because Tolliver could not have "knowingly without legal justification" caused harm if Officer Sobieraj shot Tolliver first and the car only drove forward toward Officer Sobieraj because Tolliver's body involuntarily slumped onto the gear shift. To allow Tolliver to prevail, they argue, would negate the mental status required for aggravated battery. For his part, Tolliver responds that he "is not denying in this case that he caused bodily harm to Sobieraj as Sobieraj performed his duties, nor is he denying that his vehicle drove towards Sobieraj during the encounter—he is simply disputing the timing of the shooting." (Pl.'s Resp. to Mot. for Summ. J. at 5, Dkt. No. 34.)

5

Tolliver's argument is unpersuasive. Tolliver's version of the facts necessarily implies the invalidity of his conviction for aggravated battery. Accepting his own version of the facts as true, Tolliver: (1) had no control over his body when he slumped forward, (2) did not know whether he actually hit the gear shift to switch the car from reverse to drive but assumes he did so, and (3) had no intent to hit Officer Sobieraj, or knowledge of doing so, because after the Defendant Officers' first shot Tolliver "fell to his right side and could not move anything except his eyeballs," and only knew that the car rolled over "something" and then stopped. (Pl.'s Resp. to Def.'s Stmt. of Facts ¶ 31, Dkt. No. 32.) In essence, Tolliver argues he had no blame in how the situation developed; the car only drove forward because Officer Sobieraj shot Tolliver and Tolliver consequently could not control his body to keep it from slumping forward and accidentally knocking the gear into drive. As Defendants correctly point out, under that set of facts, necessity would have been an absolute defense to the charge of aggravated battery.[1] *See* 720 ILCS 5/7-13; *see also Malden v. City of Waukegan*, 2009 WL 2905594, at *11 (N.D. Ill. 2004).

The facts presented by Tolliver for purposes of his § 1983 claim also appear directly to contradict the factual basis for his guilty plea. The prosecutor, in describing the testimony that Officer Sobieraj would give at a criminal trial, stated: "Defendant drove his vehicle towards the officer, and in an attempt to escape from the Defendant's vehicle, Officer Sobieraj did fall and sprain his ankle. He would further testify that he was in fear for his safety, and he fired shots at the vehicle striking the Defendant." (Pl.'s Resp. to Def.'s Stmt. of Facts ¶ 43, Dkt. No. 32.) While

---

[1] The applicable statute provides that:

> Conduct which would otherwise be an offense is justifiable by reason of necessity if the accused was without blame in occasioning or developing the situation and reasonably believed such conduct was necessary to avoid a public or private injury which might reasonably result from his own conduct.

720 ILCS 5/7-13.

Tolliver argues that the exact timing of events was not plainly described at the plea hearing, it is clear from the stipulation that Tolliver drove toward Officer Sobieraj and that Officer Sobieraj, fearing for his safety, fired shots at the vehicle. Even in the absence of the specific words "after" or "next," the clear implication is that Officer Sobieraj feared for his safety because the car was driving toward him. Yet the facts presented by Tolliver in this case would require that Officer Sobieraj shot Tolliver first.

Tolliver argues that under *People v. Gray*, 406 Ill. App. 3d 466, 473, 941 N.E.2d 338, 344 (Ill. App. Ct. 2010), "[his] plea does not constitute an admission of collateral matters." But the stipulated facts from Tolliver's criminal plea that he now seeks to disown can hardly be characterized as collateral matters. For comparison, in *Gray*, the defendant was charged with murder for shooting and killing another person. A third-party witness who testified at the defendant's trial had previously pleaded guilty to illegal possession of the gun used in the murder. The trial court allowed the prosecution to present testimony regarding the factual basis for the witness's guilty plea as stated by the prosecutor at the plea hearing, which included collateral matters not necessary for the plea that were severely prejudicial to the defendant. *Id.* at 467. These matters included how the defendant had used the gun to kill someone, an issue plainly irrelevant to the illegal possession of the gun by the third party. *Id.* at 473-74. The appellate court found that the prosecution should not have been allowed to present the collateral matters from the witness's plea. *Id.* at 474.

In the present case, however, the relevant facts from Tolliver's plea are not mere collateral matters; they are directly relevant to his conviction for aggravated battery. They are not extraneous facts that relate to a third party, a separate charge or defense, or conduct that took place well before or after the aggravated battery. Additionally, the plea at issue was Tolliver's

own plea, not one entered by someone else in a different case. For these reasons, *Gray* has no application here.

Tolliver next cites two cases in an attempt to demonstrate that the timing of the shooting is not relevant to his underlying conviction for aggravated battery. Both are readily distinguishable from the present matter, however. First, Tolliver cites *Parks v. City of Chicago*, No. 09 C 5683, 2011 WL 4337015 (N.D. Ill. Sep. 14, 2011). In that case, the plaintiff pleaded guilty to aggravated assault—*i.e.*, driving his van at an officer—and then filed a § 1983 claim for excessive force. The district court permitted the plaintiff to argue that the officer shot at him unreasonably after the van came to a complete stop and the threat to the officer had been neutralized. *Id.* at *3. The *Parks* case differs dramatically from this one insofar as the plaintiff in that case did not challenge any of the facts regarding his aggravated assault. Rather, he conceded that he drove his van at the officer but nonetheless argued that after the van completely stopped, the officer shot at him repeatedly.

The same is true of *Gregory v. Oliver*, 226 F. Supp. 2d 943, 952 (N.D. Ill. 2002), where the district court held that a criminal conviction for aggravated assault did not bar the plaintiff from bringing an excessive force claim based on the same incident. The plaintiff argued that after he assaulted the officer, and was already handcuffed, the officer performed a leg sweep and beat him. *Id.* at 952-53. The plaintiff did not argue that he never assaulted the officer or, as Tolliver argues here, that the assault resulted from forces beyond his control; he simply claimed the unreasonableness of the officer's response to the assault. *See also Vangilder v. Baker*, 435 F.3d 689 (7th Cir. 2006) (arguing excessive force based on the officer's "response to his resistance—a beating to the face that resulted in bruises and broken bones").

Here, Tolliver's factual contentions rest on the assumption that he had no control over the movement of his car and no knowledge of where the car was going or what the car hit when it

stopped. For Tolliver's claims to be similar to those in *Parks* and *Gregory*, he would have to argue that he did, in fact, intend to drive his car at Officer Sobieraj, but Officer Sobieraj and Officer DeBose unreasonably shot him fourteen times for doing so.

Indeed, Tolliver's case is more similar to *Malden v. City of Waukegan*, No. 04 C 2822, 2009 WL 2905594 (N.D. Ill. Sep. 10, 2009). There, a police officer shot the plaintiff, who then drove away with the officer's squad car and crashed it into a tree. The plaintiff pleaded guilty to attempted aggravated vehicular hijacking. The factual basis for the plea included evidence that the plaintiff acted in an "aggressive, threatening manner with [a] metal flashlight." *Id.* at *3. The plaintiff then sued for damages as a result of gunshot wounds suffered during the encounter, arguing that he never provoked the officer prior to being shot and that he needed to take the squad car to "preserve his life" because the officer shot and wounded him. *Id.* at *5. The district court determined that the plaintiff's position that he only took the vehicle to preserve his life would imply the invalidity of his conviction by raising the absolute defense of necessity and therefore granted summary judgment to the defendants. *Id.* at *14; *see also Soriano v. Town of Cicero*, No. 06 C 774, 2010 WL 3418260, at *4 (N.D. Ill. Aug. 25, 2010) ("If the jury in the civil suit found that Soriano did not strike Officer Stroud and that he posed no threat to anyone, they would necessarily imply the invalidity of Soriano's criminal conviction, violating *Heck*.").

Certainly, there may be a version of the facts under which Tolliver could raise an excessive force claim notwithstanding his aggravated battery claim. But Tolliver has not presented facts to support such a scenario in this case. The Seventh Circuit's decision in *Okoro v. Callaghan*, 324 F.3d 488 (2003), is particularly instructive on this point. In *Okoro*, the plaintiff had previously been convicted of drug violations. He sued federal and state officers, seeking the return of gems and cash he claimed they stole in the course of searching his home. As part of the

lawsuit, the plaintiff denied that there were any drugs and instead stated that the only items at issue were gems and cash. The Court of Appeals found that, "[i]t is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Id.* at 490. Noting that there were other versions of the facts that the plaintiff could have presented without necessarily implying the invalidity of his conviction, the court pointed out that he was the "master of his ground" and chose to set forth facts that barred his suit under *Heck*. *Id.*; *see also Malden*, 2009 WL 2905594 at *11 ("[W]e must decide this case on the basis of the case [plaintiff] [] has plead, and not on the basis of some hypothetical case that he might have—but did not—plead.").

Tolliver, too, is "the master of his ground." And the facts he has presented determine whether he is barred by *Heck*. Tolliver's version of the facts would negate the requisite mental state for aggravated battery and raise an absolute defense of necessity, such that any verdict in his favor on the excessive force claim would necessarily imply the invalidity of his aggravated battery conviction. Consequently, the Court grants Defendants' motion for summary judgment with respect to Tolliver's excessive force claim in Count I.[2]

**II.    Count II – Conspiracy**

Because summary judgment has been granted in Defendants' favor on the excessive force claim, Tolliver cannot proceed with his claim that the Defendant Officers "conspired to conceal and/or cover-up the excessive use of force." (Compl. ¶ 19, Dkt. No. 1.) "[T]here is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996); *see also Smith v. Gomez*, 550 F.3d 613 (7th Cir. 2008) ("[C]onspiracy is not an independent basis of liability in § 1983 actions.").

---

[2] Because summary judgment is granted on the excessive force claim based on *Heck*, there is no need to address the parties' arguments with respect to collateral estoppel or qualified immunity.

The Complaint does not allege any constitutional violations other than the excessive use of force. Since Tolliver cannot prevail on his excessive force claim, his conspiracy claim necessarily fails as well. Accordingly, the Court grants Defendants' motion for summary judgment with respect to Tolliver's conspiracy claim in Count II.[3]

### III. Defendants' Motion to Strike

As a final matter, Defendants have filed a motion to strike portions of Plaintiff's Local Rule 56(b)(3)(A) Response to Defendants' Statement of Undisputed Facts. (Dkt. No. 36.) The motion to strike argues that Tolliver: (1) attempts to create issues of fact by denying Defendants' statements where there is no dispute, (2) mischaracterizes testimony and improperly argues additional facts, and (3) is evasive in responding, as some responses do not directly address whether Defendants' statements and citations are undisputed. As the matters raised in the motion to strike had no bearing on the Court's summary judgment ruling, Defendants' motion is denied as moot.

### CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment (Dkt. No. 22) is granted and Defendants' motion to strike (Dkt. No. 36) is denied as moot.

ENTERED:

Dated: April 6, 2015

Andrea R. Wood
United States District Judge

---

[3] Because summary judgment is granted on the conspiracy claim based on the lack of a constitutional violation, there is no need to address the parties' arguments with respect to the intra-corporate conspiracy doctrine.